UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS RANAE TORRES,<br><br>                Plaintiff,<br><br>      v.<br><br>COMM'R OF SOC. SEC.,<br><br>                Defendant. | Case No. 5:21-cv-00689-PA-SHK<br><br><br>**ORDER DISMISSING CASE** |

For the following reasons, this case is **DISMISSED** without prejudice.

## I.      BACKGROUND

On April 19, 2021, Plaintiff Alexis Renae Torres ("Plaintiff"), proceeding pro se, filed a Complaint ("Complaint" or "Compl.") seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). Electronic Case Filing Number ("ECF No.") 1, Compl.  Thereafter, the Court issued its Case Management Order ("CMO") and, in pertinent part, ordered Plaintiff to serve a memorandum in support of the Complaint ("Memorandum" or "Mem.") on Defendant Social Security Administration ("Defendant") within thirty-five days of Defendant filing an Answer to Plaintiff's Complaint.  See ECF No. 6, CMO at 2. Defendant filed its Answer ("Answer") on September 29, 2021.  See ECF No. 12,

Answer.  Thus, pursuant to the CMO, Plaintiff's Memorandum was due thirty-five days later, on November 3, 2021.  Plaintiff, however, failed to timely file Plaintiff's Memorandum.

Consequently, on January 17, 2022, Plaintiff was ordered to show cause ("OSC") by January 26, 2022 why this case should not be dismissed for failure to prosecute and follow Court orders.  ECF No. 14, OSC.  Plaintiff was warned that because Plaintiff's Memorandum was then "over two months late, and it appear[ed] that Plaintiff may have abandoned this litigation, **the Magistrate Judge will recommend that this case be dismissed if Plaintiff does not file Plaintiff's Memorandum by January 26, 2022**."  Id. at 1 (emphasis in original).  Plaintiff was further warned that "because Plaintiff has had more than three months to prepare and file Plaintiff's Memorandum with the Court, extensions of time to file the Memorandum will be granted sparingly, only for very good cause shown, and if requested before the above-mentioned deadline expires."  Id.

As of the date of this Order, Plaintiff has not filed Plaintiff's Memorandum, moved for an extension of time to do so, or otherwise participated in this litigation.

## II.    LEGAL STANDARD

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

2

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out five factors similar to those in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

### III.   DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being warned that "**the Magistrate Judge will recommend that this case be dismissed if Plaintiff does not file Plaintiff's Memorandum by January 26, 2022**[,]" Plaintiff has failed to do so or otherwise participate in this litigation.  ECF No. 14, OSC at 1 (emphasis in original).  This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted).  Nothing suggests such a presumption is unwarranted in this case, considering that Plaintiff has not complied with the Court's OSC and Plaintiff has not offered any excuse for her failure to comply with the Court's OSC or to respond in a timely manner.  Thus, this "prejudice" element favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not met this responsibility despite having been: (1) instructed on her responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's repeated failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation.  Despite the Court's attempt to obtain a response, Plaintiff has shown she is either unwilling or unable to comply with Court orders by failing to file responsive documents and failing to otherwise cooperate in prosecuting this action.  Thus, the Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, dismissal of this action, without prejudice, is appropriate here.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.   CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice.

Dated:  February 3, 2022

_____

PERCY ANDERSON
United States District Judge

Presented by:

_____

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge